Michael D. Mortenson, State Bar No. 247758
  mmortenson@mortensontaggart.com
Craig A. Taggart, State Bar No. 239168
  ctaggart@mortensontaggart.com
David M. Keithly, State Bar No. 292101
  dkeithly@mortensontaggart.com
MORTENSON TAGGART LLP
300 Spectrum Center Dr., Suite 1100
Irvine, CA 92618
Telephone: (949) 774-2224
Facsimile: (949) 774-2545

Attorneys for Plaintiff
BIO-REIGNS, INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BIO-REIGNS, INC., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　　　vs.<br><br>MY DAILY CHOICE, INC. d/b/a. HEMPWORX, a Nevada corporation; Josh Zwagil, an individual,<br><br>　　　　　Defendants. | CASE NO.<br><br>*Hon.*<br><br>**COMPLAINT**<br><br>**DEMAND FOR TRIAL BY JURY** |

COMPLAINT

BioReigns, Inc. ("BioReigns") brings this complaint against My Daily Choice, Inc. d/b/a Hempworx ("Hempworx") and Josh Zwagil ("Zwagil," and together with Hempworx, the "Defendants") for injunctive relief and damages as follows:

## I. NATURE OF THE CASE

1. This is an action against Hempoworx and its founder and officer, Josh Zwagil, for cybersquatting under 15 U.S.C. § 1125(d), for trademark infringement and false designation of origin under 15 U.S.C. § 1125(a) and for unfair competition under California Business & Professions Code § 17200 and California common law.

2. Since incorporating in 2018, BioReigns has built a successful business marketing and selling a variety of high-quality products utilizing water-soluble cannabidiol extracts. BioReigns filed to register the word mark "BIOREIGNS" with the United States Patent and Trademark Office ("USPTO") on June 7, 2018, which was registered on January 15, 2019. BioReigns has spent hundreds of thousands of dollars on advertising its BIOREIGNS trademark to drive consumer and affiliate traffic to its website—**www.bioreigns.com**—and has succeeded in building BioReigns into a well-recognized brand that has generated millions in revenue since its inception.

3. In February 2020, Hempworx, a BioReigns' competitor purchased, registered and began commercially using the domain name—**www.bioriegns.com**. Defendants used www.bior**ie**gns.com to surreptitiously redirect consumers intending to visit www.bior**ei**gns.com to https://www.hempworx.com/jzmarketinggroup, which is owned and controlled by Defendants. Defendants' ownership, registration and commercial use of www.bioriegns.com constitutes cybersquatting, trademark infringement and violates California's unfair business practice laws. BioReigns seeks damages and injunctive relief to prevent future harm to its registered trademark.

## II. VENUE AND SUBJECT MATTER JURISDICTION

4. This Court has original subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338.

5. This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over the California state-law claims because they are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

6. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim—and the threatened and actual harm to Plaintiff—occurred in this District by reason of Defendants' conduct as alleged below.

## III. PARTIES AND PERSONAL JURISDICTION

7. Plaintiff BioReigns is a corporation organized under the laws of the State of California, with its principal place of business in Tustin, California.

8. On information and belief, defendant Hempworx is a corporation organized under the laws of the State of Nevada, with its principal office and place of business in Las Vegas, Nevada. Hempworx conducts business regularly in California, including recruiting independent affiliates residing in California to sell Hempworx's products and selling goods and services directly to California consumers. Hempworx advertises its products to California consumers through its website.

9. On information and belief, defendant Zwagil is an individual residing in Las Vegas, Nevada. On information and belief, Zwagil travels to California and regularly conducts business in California, has recruited and currently earns commissions on sales from California residents who sell Hemprox products and are a part of Zwagil's multi-level-marketing network within Hempworx, and is engaged in a business that markets and sells products to California consumers.

///

## IV. FACTS

### The BIOREIGNS Mark

10. BioReigns incorporated in 2018.

11. On June 7, 2018, BioReigns filed to register the word mark "BIOREIGNS" with the USPTO.

12. In its USPTO application, BioReigns identified March 21, 2018 as the date the BIOREIGNS word mark was first used in commerce.

13. On January 15, 2019, the word mark BIOREIGNS (the "BIOREIGNS Mark") was registered with the USPTO.

14. The BIOREIGNS Mark's registration number is 5655571.

15. BioReigns markets and sells its products under the BIOREIGNS Mark.

16. BioReigns markets and sells its products through a network of independent sales affiliates.

17. BioReigns' affiliates build and manage their own sales forces by recruiting and training others to sell BioReigns' products.

18. BioReigns affiliates are compensated based on their individual product sales to affiliates and customers they refer to BioReigns.

19. Through the hard work of BioReigns and its network of independent affiliates, BioReigns built a successful business and valuable goodwill in the BIOREIGNS Mark.

20. BioReigns has invested significant resources in building its brand. Since incorporation, BioReigns has spent hundreds of thousands of dollars to build brand awareness and increase its customer and affiliate base.

21. BioReigns' affiliates have also invested significant time and resources to build their own sales and customer networks, and to promote BioReigns' company, business opportunities and products.

///

-4-
COMPLAINT

22. Since incorporation, BioReigns has sold millions of dollars of goods to customers.

23. BioReigns has also recruited over 6,900 independent affiliates to its network, all of whom market BioReigns products under the BIOREIGNS Mark.

24. BioReigns registered the URL address www.bioreigns.com (the "Website"). BioReigns owns and controls the Website.

25. The Website prominently features the BIOREIGNS Mark.

26. BioReigns affiliates and customers purchase BioReigns products directly from the Website.

27. The Website also contains information for potential affiliates who are considering joining BioReigns.

28. To become a BioReigns affiliate, the prospective affiliate must first visit the Website to register as an affiliate, complete IRS form 1099 and accept BioReigns' affiliate agreement.

29. Since 2018, there have been more than 9.25 million visits to the Website.

30. BioReigns has converted some of the 9.25 million visits to the Website into customers and new BioReigns affiliates.

31. Since 2018, BioReigns has exclusively and continuously used the BIOREIGNS Mark.

32. BioReigns continues to use the BIOREIGNS Mark exclusively and continuously.

33. As a direct result of BioReigns' ongoing and continuous exclusive use of—and investment in—the BIOREIGNS Mark, BIOREIGNS is widely known and recognized among consumers, independent affiliates and members of the CBD and multi-level marketing communities.

34. The BIOREIGNS Mark designates a single source of origin.

///

35. The BIOREIGNS Mark is synonymous with BioReigns' products.

36. The BIOREIGNS Mark is also synonymous with BioReigns' business opportunities for independent affiliates.

37. As a result of BioReigns' extensive and exclusive use, the BIOREIGNS Mark has developed substantial goodwill in the market and is a property right of incalculable value to BioReigns.

38. BioReigns and its affiliates expend substantial effort and expense to promote the BIOREIGNS mark and to protect its distinctiveness in the marketplace.

39. The BIOREIGNS Mark is a valid and enforceable trademark.

**Defendants' Infringing Use of the BIOREIGNS Mark**

40. Defendant Josh Zwagil is the co-founder of Hempworx.

41. Zwagil is an officer of Hempworx.

42. Hempworx competes against BioReigns.

43. Hempworx markets and sells CBD products through a network of independent affiliates.

44. Unlike BioReigns, Hempworx only markets and sells inferior, oil-based CBD products.

45. Hempworx does not market or sell water-based CBD products.

46. Hempworx is, however, currently developing a water-based CBD product to sell.

47. On February 17, 2020, Hempworx registered the domain www.bioriegns.com (the "Infringing Domain").

48. The only difference between the address of the Infringing Domain and the Website, is that the Infringing Domain switches the placement of the "i" and "e" in the name BioReigns.

///

49. Individuals visiting the Infringing Domain intended to visit BioReigns' Website.

50. The Infringing Domain automatically redirects visitors to www.hempworx.com/jzmarketinggroup.

51. Www.hempworx.com is owned and controlled by Hempworx.

52. Www.hempworx.com/jzmarketinggroup is owned by Hempworx and controlled by Zwagil.

53. The Infringing Domain does not inform consumers that they are being redirected to Hempworx's website.

54. The Infringing Domain does not inform consumers that Hempworx is not affiliated with BioReigns.

55. The Infringing Domain does not inform consumers that Hempworx's products are not from the same origin as BioReigns' products.

56. Defendants use the Infringing Domain to market Hempworx's products to visitors.

57. Defendants use the Infringing Domain to recruit individuals to affiliate with Hempworx.

58. Upon information and belief, Defendants have sold products to individuals who were redirected from the Infringing Domain to www.hempworx.com/jzmarketinggroup.

59. Upon information and belief, Defendants have recruited individuals to affiliate with Hempworx who were redirected from the Infringing Domain to www.hempworx.com/jzmarketinggroup.

60. By redirecting consumers from the Infringing Domain to www.hempworx.com/jzmarketinggroup, defendant Zwagil seeks to gain financially by enrolling misdirected potential BioReigns customers and affiliates into his own, personal affiliate network at Hempworx.

///

61. As of the date of this Complaint, Defendants continue to control the Infringing Domain.

62. As of the date of this Complaint, the Infringing Domain continues to automatically redirect visitors to www.hempworx.com/jzmarketinggroup.

## FIRST CAUSE OF ACTION

### Cybersquatting on the BIOREIGNS Mark

### in violation of 15 U.S.C. § 1125(d)

63. Plaintiff re-alleges and incorporates by reference all prior allegations as if fully set forth here.

64. Defendants registered the Infringing Domain.

65. Defendants control the Infringing Domain.

66. Defendants use the Infringing Domain.

67. The BIOREIGNS Mark was distinctive at the time Defendants purchased, registered and commercially used the Infringing Domain.

68. The Infringing Domain (<www.bioriegns.com>) is confusingly similar to the BIOREIGNS Mark.

69. On information and belief, Defendants were aware of the existence of the BIOREIGNS Mark when they registered and began using the Infringing Domain.

70. On information and belief, Defendants used the Infringing Domain in connection with the sale and promotion of Defendants' own goods and services, which directly compete with the goods and services of Plaintiff.

71. On information and belief, Defendants registered, trafficked in, or used the Infringing Domain in bad faith and with bad-faith intent to profit from the goodwill that BioReigns established in the BIOREIGNS Mark.

72. Defendants do not have any intellectual property rights or any other rights in the BIOREIGNS Mark.

///

73. The Infringing Domain does not consist of the legal name of any Defendant, nor a name that is otherwise commonly used to identify any Defendant.

74. Defendants did not make any bona fide fair use of the BIOREIGNS Mark on a website accessible under the Infringing Domain.

75. Defendants' registration, use, or trafficking in the Infringing Domain constitutes cybersquatting in violation of 15 U.S.C. § 1125(d), entitling BioReigns to relief.

76. By reason of Defendants' acts alleged herein, BioReigns' remedy at law is not adequate to compensate it for the injuries inflicted by Defendants. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

77. If Defendants are not enjoined and restrained from their use and promotion of the Infringing Domain, BioReigns and its goodwill and reputation will continue to suffer immediate, substantial and irreparable injury that cannot be adequately calculated and wholly compensated by monetary damages. Moreover, under 15 U.S.C. § 1125(d)(1)(C), BioReigns seeks an injunction ordering Defendants and their registrar to transfer the Infringing Domain to BioReigns.

78. By reason of Defendants' acts alleged herein, BioReigns is entitled to recover its actual damages, costs of the action and Defendants' profits, or statutory damages under 15 U.S.C. § 1117, on election by Plaintiff, in an amount of up to $100,000 per domain name infringement.

79. The above-described acts of the Defendants were willful, entitling Plaintiff to treble damages under 15 U.S.C. § 1117.

80. This is an exceptional case making BioReigns eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

///

81. Finally, BioReigns seeks a permanent injunction restraining Defendants from registering any domain names containing the term "bioreigns" or any derivation thereof, regardless of spacing, hyphenation or misspellings.

## SECOND CAUSE OF ACTION

## Trademark Infringement And False Designation Of Origin Of The BIOREIGNS Mark In Violation Of 15 U.S.C. § 1125(a)

82. Plaintiff realleges and incorporates by reference all prior allegations as if fully set forth here.

83. Defendants' use in commerce of the Infringing Domain which embodies the BIOREIGNS Mark is and was without the permission, consent or authorization of BioReigns. Defendants are engaging in the use of the Mark in interstate commerce in furtherance of their unauthorized promotion, marketing and sale of their competing services and products.

84. Defendants' unauthorized use of the Mark embodied in the Infringing Domain is likely to cause confusion, or to cause mistake, or to deceive the relevant public that the Infringing Domain and the websites and advertisements displayed at the Infringing Domain are authorized, sponsored or approved by or are affiliated with BioReigns.

85. Defendants' unauthorized use of the BIOREIGNS Mark embodied in the Infringing Domain is likely to cause initial interest confusion among the general public.

86. The above-described acts of the Defendants constitute trademark infringement of the BIOREIGNS Mark and false designation of origin in violation of 15 U.S.C. § 1125(a), entitling Plaintiff to relief.

87. On information and belief, Defendants have unfairly profited from the actions alleged.

88. By reason of Defendants' acts alleged herein, Plaintiff has suffered damage to the goodwill associated with the BIOREIGNS Mark.

89. By reason of Defendants' acts alleged herein, BioReigns' remedy at law is not adequate to compensate it for the injuries inflicted by Defendants. Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

90. If Defendants are not enjoined and restrained from their use and promotion of the Infringing Domain, BioReigns and its goodwill and reputation will continue to suffer immediate, substantial and irreparable injury that cannot be adequately calculated and wholly compensated by monetary damages.

91. Defendants' activities have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public who has an interest in being free from confusion, mistake and deception.

92. By reason of Defendants' willful acts, Plaintiff is entitled to damages.

93. Those damages should be trebled under 15 U.S.C. § 1117.

94. This is an exceptional case making BioReigns eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

### THIRD CAUSE OF ACTION

### Unfair Competition With Plaintiff Under California Business & Professions Code § 17200 And California Common Law

95. Plaintiff re-alleges and incorporates by reference all prior allegations as if fully set forth here.

96. Defendants have infringed the BIOREIGNS Mark in violation of BioReigns' proprietary rights. Such acts constitute unfair trade practices and unfair competition under California Business and Professions Code §§ 17200 *et seq.*, and under the common law of the state of California, entitling Plaintiff to relief.

97. Pursuant to California Business and Professions Code § 17203, Defendants are required to disgorge and restore to BioReigns all profits and property acquired by means of Defendants' unfair competition.

98. Due to Defendants' conduct, BioReigns has suffered—and continues to suffer—irreparable harm, injury in fact and has lost money or property as a result of Defendants' acts of unfair business practices alleged herein. It would be difficult to determine the amount of money damages that would afford BioReigns adequate relief at law for Defendants' acts. Plaintiff's remedy at law is not adequate to compensate it for the injuries inflicted by Defendants. Accordingly, BioReigns is entitled to preliminary and permanent injunctive relief pursuant to California Business and Professions Code § 17203.

99. On information and belief, Defendants' conduct has been intentional and willful and in conscious disregard of Plaintiff's rights and, therefore, BioReigns is entitled to its attorneys' fees.

## V. RELIEF REQUESTED

WHEREFORE, Plaintiff requests judgment as follows:

1. That the Court enter a judgment that Defendants have:
   a. violated the rights of Plaintiff in the BIOREIGNS Mark in violation of 15 U.S.C. § 1125(d);
   b. violated the rights of Plaintiff in the BIOREIGNS Mark in violation of 15 U.S.C. § 1125(a); and
   c. violated the rights of Plaintiff in the BIOREIGNS Mark in violation of California Business and Professions Code § 17200 and the common law.
2. That the Court order Defendants to transfer to Plaintiff the Infringing Domain and every domain name that any Defendant owns which is identical or confusingly similar to the BIOREIGNS Mark.
3. That the Court preliminarily and permanently enjoin Defendants, their agents, representatives, employees, assigns and suppliers, and all persons acting in concert or privity with Defendants from the following activities:

    a. Registering or using, in any manner, any Internet domain name that incorporates the BIOREIGNS Mark or any name, mark or designation confusingly similar thereto;

    b. Using the BIOREIGNS Mark or any name, mark, or designation in a manner that is likely to cause confusion regarding whether Defendants are affiliated or associated with Plaintiff;

    c. Practicing trademark infringement, trademark dilution, unfair competition, false designation of origin, passing off or false advertising against Plaintiff or misappropriation of Plaintiff's trademark rights; and

    d. Assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs 3(a)-3(c) above.

4. That Defendants be ordered to engage in corrective advertising to the extent necessary to correct any consumer confusion or misperceptions resulting from Defendants' unlawful acts complained of above.

5. That Defendants be ordered to account to Plaintiff for and disgorge all profits they have derived by reason of the unlawful acts complained of above.

6. That Defendants be ordered to pay damages and that those damages be trebled under 15 U.S.C. § 1117.

7. That Defendants be ordered to pay statutory damages under 15 U.S.C. § 1117(d), on election by Plaintiff, in an amount of $100,000.

8. That Defendants be ordered to pay Plaintiff's reasonable attorneys' fees, prejudgment interest and costs of this action under 15 U.S.C. § 1117 and under California Business and Professions Code § 17200 and under California common law.

9. That Defendants be ordered to file with the Court and serve upon

-13-
COMPLAINT

Plaintiff a written report under oath setting forth in detail the manner and form in which Defendants have complied with this injunction and judgment within 30 days after the service of the injunction and judgment upon Defendants.

10. That the Court grant such other, further, and different relief as the Court deems proper under the circumstances.

DATED: July 10, 2020    MORTENSON TAGGART LLP

By: /s/Michael D. Mortenson
Michael D. Mortenson
Craig A. Taggart
David Keithly
Attorneys for Plaintiff
BIO-REIGNS, INC.

## **DEMAND FOR JURY TRIAL**

Plaintiff herby demands trial by jury.

DATED: July 10, 2020      MORTENSON TAGGART LLP

By: /s/Michael D. Mortenson
Michael D. Mortenson
Craig A. Taggart
David Keithly
Attorneys for Plaintiff
BIO-REIGNS, INC.

COMPLAINT